UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH ALBRECHT, individually and on behalf of all others similarly situated, | ) ) ) |
| | ) Case No. 1:18-cv-1061 |
| Plaintiff, | ) ) |
| v. | ) ) |
| OASIS POWER, LLC d/b/a OASIS ENERGY, | ) ) ) |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff Kenneth Albrecht ("Plaintiff") brings this Class Action Complaint against Defendant Oasis Power, LLC d/b/a Oasis Energy ("Oasis Energy") on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### I. NATURE OF THE ACTION

1. Oasis Energy is a company that supplies electricity and natural gas to residential and business customers.[1] Oasis Energy provides its services in Illinois, Maryland, Massachusetts, New Jersey, and Pennsylvania.[2] Oasis Energy works with utility providers to deliver its product to customers. For example, in Illinois, Oasis Energy works with ComEd to supply electricity.[3]

2. In an effort to market its products and services, Oasis Energy made, or directed to be made on its behalf, calls to the wireless telephones of Plaintiff and each of the members of the

---

[1] Oasis Energy, https://oasisenergy.com/ (last visited Feb. 12, 2018).
[2] *Id.* at https://oasisenergy.com/service-area/ (last visited Feb. 12, 2018).
[3] *Id.* at https://oasisenergy.com/illinois/ (last visited Feb. 12, 2018).

Class without prior express written consent[4] in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and without prior express consent in violation of the Automatic Telephone Dialers Act, 815 ILCS 305/1, *et seq.* ("ATDA").

3. Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired, or permitted Oasis Energy to make the calls alleged herein to their wireless telephones.

4. By making such unauthorized calls, Oasis Energy caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

5. In order to redress these injuries, Plaintiff seeks an injunction requiring Oasis Energy to cease all unsolicited calling activities, an award of statutory damages to the Class members under the TCPA and ATDA, and trebled actual damages under the ATDA, together with costs and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over Count I pursuant to 28 U.S.C. § 1331 because Count I arises under the laws of the United States.

7. This Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367 because Counts I and II arise out of a common nucleus of operative facts.

8. This Court has personal jurisdiction over Oasis Energy under the Illinois Long-Arm Statute, 735 ILCS 5/2-209, because Oasis Energy transacts business and committed a tortious act within the state of Illinois, and because Oasis Energy conducts and carries on

---

[4] As of October 16, 2013, prior express **written** consent is required. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

business within the state of Illinois. Further, by engaging in solicitation activities within the state of Illinois, Oasis Energy has subjected itself to the personal jurisdiction of this State.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District.

### III. PARTIES

*Plaintiff*

10. Plaintiff is an individual domiciled in Cook County, Illinois.

11. Plaintiff is the regular carrier and user of his wireless telephone, which is assigned to a wireless telephone service provided by Sprint Corporation.

*Defendant*

12. Oasis Energy is a limited liability company organized in and existing under the laws of the State of Texas, with its principal place of business located at 12140 Wickchester Lane, Suite 100, Houston, Texas 77079.

13. Oasis Energy maintains a registered agent for service of process with C T Corporation System, located at 208 S. LaSalle Street, Suite 814, Chicago, 60604.

### IV. FACTUAL BACKGROUND

14. Companies have employed advanced technologies that make it easier to market their products and services. According to a report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives***. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting

between conversations and amount of abandoned calls experienced by consumers.[5]

*Defendant's Organizational Relationship And Notice Of The TCPA*

15.  Oasis Energy is part of a conglomerate of limited liability companies all owned by Spark Energy, Inc.

16.  Spark Energy integrated Oasis Energy into its operations on July 31, 2015.[6]

17.  According to public records of Oasis Energy, Nathan Kroeker is the Chief Executive Officer, Robert Lane is the Chief Financial Officer, and Gil Melman is General Counsel for Oasis Energy.

18.  Oasis Energy operates as a subsidiary of Spark HoldCo, LLC.

19.  Spark HoldCo, LLC is a subsidiary of Spark Energy, Inc.

20.  Nathan Kroeker is also the Chief Executive Officer of Spark Energy, Inc.

21.  Robert Lane is also the Chief Financial Officer of Spark Energy, Inc.

22.  Spark Energy, Inc. is the sole managing member of Spark HoldCo, LLC and is responsible for all of its operational management and administrative decisions relating to Spark HoldCo, LLC's business, including business related to Oasis Energy.

23.  Spark Energy, Inc. consolidates the financial results of Spark HoldCo and its subsidiaries, including Oasis Energy.

24.  Spark Energy and its related entities, including Oasis Energy, engage in telemarketing activities and are aware of the potential liability to them based on their activities.

---

[5] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, The Telephone Consumer Protection Act of 1991: Adapting Consumer Protection to Changing Technology 7 (Fall 2013) (emphasis added). The report "was made possible through a *cy pres* distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

[6] *See* Spark Energy, Inc., 2017 Form 10-K (Mar. 2, 2017), https://seekingalpha.com/filings/pdf/11905342.pdf (last visited Feb. 12, 2018).

25. Indeed, another one of Spark Energy's subsidiaries, Major Energy Services, LLC, was sued in 2015 for making calls to wireless telephones to advertise its energy and power services.[7]

26. In its 2017 10-K filing, Spark Energy said the following of its operations, which includes Oasis Energy:

> ***Liability under the TCPA has increased significantly in recent years and we faces risks if we fail to comply with the TCPA.***
>
> Our outbound telemarketing efforts and use of mobile messaging to communicate with our customers subjects us to regulation under the TCPA. Over the last several years, companies have been subject to significant liabilities as a result of violations of the TCPA, including penalties, fines and damages under class action lawsuits. In addition, the increased use by us and other consumer retailers of mobile messaging to communicate with our customers has created new issues of application of the TCPA to these communications. In 2015, the Federal Communications Commission issued several rulings that made compliance with the TCPA more difficult and costly. Specifically, the definition of "autodialer" and the treatment of calls to reassigned mobile numbers have made compliance more difficult and costly. Our failure to effectively monitor and comply with our activities that are subject to the TCPA could result in significant penalties and the adverse effects of having to defend and ultimately suffer liability in a class action lawsuit related to such non-compliance.
>
> We are also subject to liability under the TCPA for actions of our third party vendors who are engaging in outbound telemarketing efforts on our behalf.[8]

27. Prior to making (or having made on its behalf) the calls alleged herein, Oasis Energy was on notice of its obligations to comply with the TCPA and potential liability regarding illegal telemarketing activities.

---

[7] *See Carrera v. Major Energy Services, LLC*, No. 3:15-cv-03208 (D.N.J.) (filed May 5, 2015; dismissed by settlement Feb. 3, 2017).
[8] *See* Spark Energy, Inc., 2017 Form 10-K (Mar. 2, 2017), https://seekingalpha.com/filings/pdf/11905342.pdf (last visited Feb. 12, 2018)

*Defendant's Calls to Plaintiff*

28. Starting in or around December 2017, Plaintiff received numerous calls to his wireless telephone from Oasis Energy.

29. On or about December 14, 2017, Plaintiff received a call to his wireless telephone from Oasis Energy from the phone number (630) 358-6128.

30. On or about December 22, 2017, Plaintiff received a call to his wireless telephone from Oasis Energy from the phone number (630) 381-4055.

31. On or about January 17, 2018, Plaintiff received a call to his wireless telephone from Oasis Energy from the phone number (630) 381-4058.

32. On or about January 17, 2018, Plaintiff received a call to his wireless telephone from Oasis Energy from the phone number (630) 381-4066.

33. Plaintiff did not recognize any of the phone numbers, *supra*, identified by his caller identification system.

34. During these calls, Oasis Energy delivered a prerecorded or artificial message lasting approximately 30 seconds to Plaintiff's wireless telephone that stated the call regarded electric charges to Plaintiff's account and asked Plaintiff to call back with a copy of his statement so it can be reviewed.

35. Oasis Energy made the calls in order to promote and offer the sale of electricity to be supplied by Oasis Energy.

36. Plaintiff was annoyed by Oasis Energy's calls and prerecorded or artificial messages.

37. Oasis Energy made, or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

38. Indeed, consumers have reported similar unwanted calls from 630-358-6103, *e.g.*:

- "It is complete scam. Asking for info on your utility bill to get your info and data. Stay away from this."[9]

- "Gas bill scam call. Have your current account ready for review the caller (robocall; she) asks. An obvious attempt to switch your gas supplier without your consent. Beware!"[10]

39. Upon information and belief, Oasis Energy made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

40. Oasis Energy made these calls for the purpose of promoting its goods and services.

41. Oasis Energy made these calls without Plaintiff's prior express written consent, which is defined at 47 C.F.R. 64.1200(f)(8).

### V. CLASS ALLEGATIONS

42. Plaintiff brings Count I, as set forth below, on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> **TCPA Class**
> All individuals in the United States whose wireless telephone number Oasis Energy, or someone on its behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent of the called party.

Excluded from the TCPA Class are: Oasis Energy, its parent companies, subsidiaries, and

---

[9] https://thisphone.us/6303586103 (last visited Feb. 12, 2018)
[10] https://800notes.com/Phone.aspx/1-630-358-6133 (last visited Feb. 12, 2018).

affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

43. Plaintiff brings Count II, as set forth below, on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> **ATDA Class**
> All persons in the state of Illinois who Oasis Energy, or someone on its behalf, called and played a prerecorded message placed by any device or system programmed to sequentially or randomly access stored telephone numbers to automatically connect a telephone with a recorded message.

Excluded from the ATDA Class are: Oasis Energy, its parent companies, subsidiaries, and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

44. "Class members" or "the Class" refer to both the TCPA Class and the ATDA Class, unless otherwise stated.

45. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

46. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. Upon information and belief, there are thousands of consumers who have been damaged by Oasis Energy's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Oasis Energy's books and records. Class members may be notified of the pendency of this action by recognized, Court-

approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

47. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a. The manner in which Oasis Energy compiled and called the list of wireless telephone numbers, including Plaintiff's number;

    b. Whether Oasis Energy, or someone on its behalf, was soliciting the sale of goods or services;

    c. Whether the equipment that Oasis Energy, or someone on its behalf, used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    d. Whether the equipment that Oasis Energy, or someone on its behalf, used to make the calls in question involved the use of a prerecorded or artificial voice as contemplated by the TCPA;

    e. Whether Oasis Energy's conduct constitutes a violation of the TCPA;

    f. Whether the equipment that Oasis Energy, or someone on its behalf, used to make the calls in question was an autodialer as contemplated by the ATDA;

    g. Whether the equipment that Oasis Energy, or someone on its behalf, used to make the calls in question involved a prerecorded message as contemplated by the ATDA;

    h. Whether Oasis Energy's conduct constitutes a violation of the ATDA;

    i. Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

    j. Whether Plaintiff and the Class are entitled to treble damages under the TCPA based on the willfulness of Oasis Energy's conduct; and

    k. Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

48. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

49. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because: his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

50. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Oasis Energy has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

51. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any and all other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Oasis Energy, so it would be impracticable for Class members to individually seek redress for Oasis Energy's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer

management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the TCPA Class)

52. Plaintiff incorporates by reference paragraphs 1-51 as if fully set forth herein.

53. Oasis Energy and/or its agents made phone calls to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express written consent.

54. Oasis Energy made the calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

55. Oasis Energy, or someone on its behalf, utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

56. Oasis Energy made the calls, or had them made on its behalf, using an artificial and/or prerecorded voice.

57. By making the calls to Plaintiff and the Class, Oasis Energy violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Oasis Energy's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

58. Should the Court determine that Oasis Energy's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## COUNT II
### Violation of the ATDA, 815 ILCS 305/1
### (On behalf of the ATDA Class)

59. Plaintiff incorporates by reference paragraphs 1-51 as if fully set forth herein.

60. Under the ATDA, it is unlawful to use an autodialer:

   a. To place a telephone call during the hours between 9 p.m. and 9 a.m. *See* 815 ILCS 305/15(a); *see also* 815 ILCS 305/30(a) (a violation of § 15 is a violation of the ATDA);

   b. To dial numbers determined by successively increasing or decreasing integers. *See* 815 ILCS 305/15(c); *see also* 815 ILCS 305/30(a) (a violation of § 15 is a violation of the ATDA);

   c. In a manner that impedes the function of any caller ID when the caller's equipment is capable of allowing the display of the caller's number. *See* 815 ILCS 305/15(d); *see also* 815 ILCS 305/30(a) (a violation of § 15 is a violation of the ATDA); and

   d. To play a prerecorded message. *See* 815 ILCS 305/30.

61. An "autodialer" is defined as "any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message." 815 ILCS 305/5.

62. "Recorded message" means "any taped communication soliciting the sale of goods or services without live voice interaction." *Id.*

63. Oasis Energy and/or its agents made phone calls to the telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

64. Oasis Energy made the calls, or had them made on its behalf, using equipment that is capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message.

65. Oasis Energy made the calls to solicit goods and/or services.

66. By making the calls to Plaintiff and the Class, Oasis Energy violated the ATDA. As a result of Oasis Energy's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and, under 815 ILCS 305/30, are each entitled to trebled actual damages, statutory damages in the amount of $500.00 per violation, costs, and reasonable attorneys' fees.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Kenneth Albrecht, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the TCPA Class and ATDA Class, as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

B. Awarding of actual, statutory, and, if appropriate, treble damages;

C. Requiring Oasis Energy, its agents, and its affiliates to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

-14-

Dated: February 12, 2018                    Respectfully submitted,

                              By:    */s/ Katrina Carroll*

                                     Katrina Carroll
                                     *kcarroll@litedepalma.com*
                                     Kyle Shamberg
                                     *kshamberg@litedepalma.com*
                                     Ismael T. Salam
                                     *isalam@litedepalma.com*
                                     Katlyn C. Mathy
                                     *kmathy@litedepalma.com*
                                     **LITE DEPALMA GREENBERG, LLC**
                                     211 W. Wacker Drive, Suite 500
                                     Chicago, IL 60606
                                     Phone No. (312) 750-1592
                                     Fax No. (312) 212-5919

                                     ***Counsel for Plaintiff and the Proposed Putative Class***