IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KENNETH ALBRECHT,**<br><br>    Plaintiff,<br><br>    v.<br><br>**OASIS POWER, LLC, d/b/a OASIS ENERGY,**<br><br>    Defendant. | Case No. 18 C 1061<br><br>Judge Harry D. Leinenweber |

# ORDER

Defendant Oasis Power, LLC's Motion to Dismiss (Dkt. No. 35) Plaintiff Kenneth Albrecht's First Amended Complaint (Dkt. No. 30) for lack of standing is denied. Status hearing set for 11/7/18 at 9:00 a.m.

# STATEMENT

Kenneth Albrecht alleges that in late 2017 and early 2018, Oasis called him four times without his consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 277 *et seq.*, and the Automatic Telephone Dialers Act, 815 ILCS 305/1 *et seq.* He says that these calls, which delivered prerecorded messages, caused him actual injuries, including "invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion." (Am. Compl. ¶ 83, Dkt. 30.)

In response, Oasis moves to dismiss for lack of standing under Federal Rule of Civil Procedure 12(b)(1), contending Albrecht has failed to demonstrate a concrete and particularized injury as required under Article III. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016). Oasis attaches to its Motion a declaration

from Hector Laya, the man responsible for Oasis's marketing efforts. (Laya Decl., Dkt. 36-1.) In that declaration, Laya explains that the calls Albrecht received were actually "ringless voicemail messages," a type of communiqué that bypasses a cell phone's ring function and directly deposits itself in the recipient's voicemailbox. (*Id.* ¶¶ 7-10.) Laya also asserts that when such messages are delivered, the recipient does not incur any charges from his telephone provider. (*Id.* ¶¶ 12-13.)

The TCPA explicitly provides redress for the receipt of unsolicited "call[s]," but not for "ringless voicemail messages," so Albrecht responds to the Motion by arguing at length that the former's definition includes the latter. *See* 47 U.S.C. § 227(b)(1)-(3). But Oasis states repeatedly that its current Motion does not challenge whether such messages fall within the TCPA's sweep. To the contrary, Oasis begins its supportive briefing by explaining that at least for the purposes of this Motion, Oasis assumes that ringless voicemails are subject to the TCPA. (Def.'s Mem. in Supp. 2, Dkt. 36; *see also* Def.'s Reply 1, Dkt. 43 (reiterating that Oasis's pending Motion does not ask the Court to rule whether ringless voicemail messages are "calls" under the TCPA).)

Contrary to Albrecht's focus, then, the key question now is not whether ringless voicemail messages can *ever* fall within the TCPA, but rather whether the alleged messages here actually caused Albrecht injuries sufficient to confer Article III standing.

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549. Thus, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* (citation omitted). In ruling on facial challenges to standing in motions to dismiss, district

- 2 -

courts accept as true all material allegations of the complaint and draw all reasonable inferences therefrom in the plaintiff's favor. *Porco v. Trustees of Ind. Univ.*, No. 1:03-CV-1388-DFH-VSS, 2005 WL 552462, at *1 (S.D. Ind. Feb. 24, 2005) (Hamilton, J.) (citing *Reid L. v. Ill. State Bd. of Educ.*, 358 F.3d 511, 515 (7th Cir. 2004)); *see Lujan v. Defs. of Wildlife,* 504 U.S. 555, 561 (1992) (reciting that at the pleadings stage, a plaintiff need only provide "general factual allegations of injury" to withstand dismissal). But when the defense produces evidence calling standing into question and thereby challenges standing as a factual matter, "[t]he presumption of correctness [accorded] to a complaint's allegations falls away, and the plaintiff bears the burden of coming forward with competent proof that standing exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444-45 (7th Cir. 2009) (citations and internal quotation marks omitted).

As described, Oasis proffers Laya's declaration in support of the Motion to Dismiss. But that declaration fails to call standing into question. Therein, Oasis ostensibly seeks to undermine the injuries Albrecht could claim to have suffered: The calls were ringless, Laya says, so presumably they couldn't have caused Albrecht much bother; they were free, so they couldn't have imposed upon Albrecht any cost. These intimations ignore, however, that "[the TCPA] establishes substantive, not procedural, rights to be free from telemarketing calls consumers have not consented to receive[, and both] history and the judgment of Congress suggest that violation of this substantive right is sufficient to constitute a concrete, *de facto* injury." *Dolemba v. Ill. Farmers Ins. Co.*, 213 F.Supp.3d 988, 993 (N.D. Ill. 2016) (quoting *Aranda v. Caribbean Cruise Line, Inc.*, 202 F.Supp.3d 850, 856-59 (N.D. Ill. 2016)).

Oasis's efforts to challenge standing would have been more successful had it proffered evidence that Oasis never called Albrecht *at all*. But that is not the type of evidence Oasis submitted, and what Oasis has offered falls short of providing a factual challenge. As such, the Court construes Oasis's Motion as a facial challenge to standing, meaning Albrecht need only provide "general factual allegations of injury" to withstand it. *Lujan*, 504 U.S. at 561.

True, Albrecht's allegations of harm are vague. And yet, he claims (1) Oasis called him without his consent and (2) those calls invaded his privacy. That suffices for standing under the TCPA. *See, e.g.*, *Postle v. Allstate Ins. Co.*, No. 17-CV-07179, 2018 WL 1811331, at *2 (N.D. Ill. Apr. 17, 2018) ("Postle's claim that his privacy was violated as a result of the call he received . . . is sufficient, in and of itself, to establish a concrete injury under Article III."); *Franklin v. Depaul Univ.*, No. 16 C 8612, 2017 WL 3219253, at *3 (N.D. Ill. July 28, 2017) ("[C]ourts post-*Spokeo* have continued to find Article III standing in cases alleging violations of the TCPA where the defendant placed unsolicited calls to a consumer's cell phone."). Albrecht's allegations accord with the TCPA's standing requirements, so the Motion to Dismiss is denied.

                                            Harry D. Leinenweber, Judge
                                            United States District Court

Dated: 10/11/2018