**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH ALBRECHT, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO. 1:18-cv-1061 |
| Plaintiff | ) ) ) | Honorable Harry D. Leinenweber |
| vs. | ) ) | |
| OASIS POWER, LLC d/b/a OASIS ENERGY, | ) ) ) | |
| Defendant. | ) | |

**CLASS ACTION SETTLEMENT AGREEMENT**

Subject to the approval of the Court and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Settlement Agreement is entered into between Plaintiff Kenneth Albrecht ("Plaintiff"), on behalf of himself and the Settlement Class Members (defined below) on the one hand, and Oasis Power, LLC d/b/a/ Oasis Energy ( "Oasis") and related entities defined herein together with Oasis as the "Oasis Entities" on the other. Plaintiff, the Oasis Entities, and the Settlement Class Members are referred to collectively in this Settlement Agreement as the "Parties." Capitalized terms used herein are defined in Section 2 or indicated in parentheses elsewhere in the Settlement Agreement. Subject to Court approval and as provided herein, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the entry by the Court of a Final Judgment and Order Approving Settlement and the

1

occurrence of the Effective Date, this Action shall be settled and compromised upon the terms and conditions as set forth herein.

This Settlement Agreement is intended by the Parties to fully and finally compromise, resolve, discharge, release, and settle the Released Claims, and to dismiss this Action with prejudice, subject to the terms and conditions set forth below and without any admission or concession as to the merits of any claim or defense by any of the Parties.

1.    **Recitals**

**1.01**    A class action was filed on February 12, 2018 against Oasis alleging that Oasis transmitted prerecorded advertising messages ("ringless voicemail messages" or "RVMs") to Plaintiff and the Settlement Class Members' wireless telephone numbers without "prior express written consent" in alleged violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  The Complaint seeks statutory damages for Plaintiff and the Class.

**1.02**    Plaintiff filed the First Amended Complaint on April 20, 2018 (the "Complaint").

**1.03**    Oasis moved to dismiss the action arguing that Plaintiff lacked standing under Fed. R. Civ. P. 12(b)(1) because he had not suffered any cognizable injury in fact from his receipt of RVMs, and to stay discovery during that motion's pendency.  ECF Docs. 31, 36.  The Court soon thereafter denied the motion to stay, permitting discovery to proceed in the usual course.  ECF Doc. 38.  The Court then denied the motion to dismiss on October 11, 2018.  ECF Doc. 48.

**1.04**    From May 2018 through June 2019, the Parties engaged in voluminous and wide-ranging discovery, including substantial documentary discovery and

depositions.

**1.05** Among other things, discovery has revealed that the allegations asserted against Oasis applied to and were not distinguishable from various related entities, together referred to as the Oasis Entities, who together retained the same vendors to conduct send the alleged RVMs at issue in the Complaint and Action.

**1.06** The Oasis Entities deny all material allegations asserted by Plaintiff. The Oasis Entities specifically dispute that they violated the TCPA; that they used an automatic telephone dialing system or an artificial or prerecorded voice message to contact Plaintiff or potential class members without their prior express consent; and that Plaintiff and potential class members are entitled to any relief. The Oasis Entities further contend that Plaintiff's allegations are not amenable to class certification. Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, the Oasis Entities have agreed to settle this litigation on the terms set forth in this Settlement Agreement, subject to Court approval.

**1.07** This Settlement Agreement resulted from good faith, arm's-length settlement negotiations, including an in-person and all-day mediation session at JAMS in Chicago, Illinois before retired federal Magistrate Judge Michael Mason. Plaintiff and the Oasis Entities submitted detailed mediation statements to Judge Mason setting forth their respective views as to the merits of the case. Additionally, the parties engaged in substantial discovery prior to the mediation, thus having the benefit of this information. After the mediation, Class Counsel reviewed reasonably accessible data produced by the Oasis Entities and have confirmed information relating to the Oasis Entities' position including the number of unique phone numbers belonging to

Settlement Class Members and the number of RVMs sent during the Class Period.

**1.08**  As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

**1.09**  Unless otherwise indicated, the term "days" as used herein shall refer to calendar days.

**1.10**  Terms that are defined in the text of the Agreement, but not defined in Section 2 below, shall have the meaning given those terms in the text.

**2.**  **Definitions**

**2.01**  "Action" means the action captioned, *Albrecht v. Oasis Power, LLC d/b/a Oasis Energy*, No. 18-cv-1061 (N.D. Ill. 2018).

**2.02**  "Agreement" or "Settlement Agreement" means this Settlement Agreement and each and every exhibit attached hereto.

**2.03**  "Attorneys' Fee Award" means any Court-approved award to Class Counsel as further described in Section 5 and payable from the Settlement Fund.

**2.04**  "Available Cash Award Total" means the amount of money in the Net Settlement Fund available to pay Cash Awards.

**2.05**  "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.06**  "Cash Award" means a cash payment by check to a Settlement Class Member payable from the Net Settlement Fund, as provided for in Section 4.02.

**2.07**  "Claim Form" means the claim form, or its substantially similar form, attached hereto as **Exhibit A**, as approved by the Court, that Settlement Class Members

4

must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein.

**2.08** "Claims Deadline" means 120 days from the Settlement Notice Date.

**2.09** "Claims Period" means the 120 day period that begins on the Settlement Notice Date.

**2.10** "Class Counsel" is Katrina Carroll of Carlson Lynch LLP, Scott Edelsberg of Edelsberg Law PA, Andrew Shamis of Shamis & Gentile PA and Manuel S. Hiraldo of Hiraldo P.A.

**2.11** "Class Member Data" means the data containing Settlement Class Members' information the Oasis Entities will provide to the Settlement Administrator pursuant to Section 7.02.

**2.12** "Class Period" means February 12, 2014 through the date of Preliminary Approval.

**2.13** "Class Representative" means Plaintiff Kenneth Albrecht.

**2.14** "Court" means the United States District Court for the Northern District of Illinois, and whichever judge is assigned to the case.

**2.15** "Oasis Entities" means Defendant Oasis Power, LLC d/b/a/ Oasis Energy along with Spark Energy, LLC; Spark Energy Gas, LLC; CenStar Energy Corp.; Electricity Maine, LLC; Electricity N.H., LLC; Provider Power Mass, LLC; Major Energy Services, LLC; Major Energy Electricity Services LLC; Respond Power, LLC; Perigee Energy, LLC; Verde Energy USA, Inc.; Verde Energy USA Commodities, LLC; Verde Energy USA Connecticut, LLC; Verde Energy USA DC, LLC; Verde Energy USA Illinois, LLC; Verde Energy USA Maryland, LLC; Verde Energy USA

Massachusetts, LLC; Verde Energy USA New Jersey, LLC; Verde Energy USA New York, LLC; Verde Energy USA Ohio, LLC; Verde Energy USA Pennsylvania, LLC; Verde Energy USA Texas Holdings, LLC; Verde Energy USA Trading, LLC; and Verde Energy Solutions, LLC.

**2.16**   "Defense Counsel" or "Counsel for the Oasis Entities" means Morgan, Lewis & Bockius LLP.

**2.17**   "Effective Date" is defined in Section 12.

**2.18**   "Fairness Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate.

**2.19**   "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the Notice and Administration Costs and any Attorneys' Fee Award and Service Awards.

**2.20**   "Notice and Administration Costs" means any and all costs and expenses of notice and administration relating to this Settlement to be paid from the Settlement Fund.  In no event shall Notice and Administration Costs exceed $1,000,000.00 (One Million Dollars).

**2.21**   "Opt-Out and Objection Deadline" means 60 days from the Settlement Notice Date.

**2.22**   "Parties" means Plaintiff, Settlement Class Members, and Defendants.

**2.23**   "Plaintiff" means Kenneth Albrecht.

**2.24**   "Preliminary Approval Order" means the proposed order to be submitted to the Court in connection with preliminary approval, substantially in the form attached

hereto as **Exhibit C**.

**2.25** "Release" means the release and discharge, as of the date of the Final Approval Order, by Plaintiff and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in- interest and successors), who have not properly and timely excluded themselves from the Settlement Class, of the Released Persons and shall include the agreement and commitment by Plaintiff and all Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiff or any Settlement Class Members against the Released Persons, or any of them, in the Action or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

**2.26** "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to tort claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer

fraud, breach of fiduciary duty, unfair business or trade practices, false advertising, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Action, suspected or unsuspected, contingent or matured, under federal, state or local law, which Plaintiff and/or any Settlement Class Member had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to allegedly unauthorized RVMs sent by or on behalf of the Released Persons to the Releasing Persons, including, without limitation, the causes of action and allegations made by Plaintiff in the Action as well as claims and allegations that the Released Persons violated the TCPA or any similar claims under state statutes and common law claims that may pertain to unauthorized calls of any state or the District of Columbia.

**2.27** "Released Persons" means the Oasis Entities and their affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys, including without limitation Spark Energy, Inc.

**2.28** "Releasing Persons" means Plaintiff and all Settlement Class Members, and their respective present, former and future administrators, agents, assigns, executors, heirs, predecessors-in-interest and successors of Plaintiff and Settlement Class Members.

**2.29** "Request for Exclusion" means the written request by a Settlement Class Member to opt out of the Settlement as provided for in Section 10.

**2.30** "RVM" means ringless voicemail message.

**2.31** "Service Award" means any Court-approved award to Plaintiff, in his capacity as Class Representative, and payable from the Settlement Fund.

**2.32** "Settlement," "Agreement," or "Settlement Agreement" means this Agreement and each and every exhibit attached hereto.

**2.33** "Settlement Administrator" means Epiq Systems, an independent, reputable and competent professional service company selected by Class Counsel and Defense Counsel which will administer the Class Notice, maintain the Settlement Website, administer the Settlement in accordance with this Settlement Agreement and engage in any other tasks directed by the Court, Class Counsel or Defense Counsel.

**2.34** "Settlement Class" means all individuals within the United States (i) who were sent a prerecorded message, also referred to a ringless voicemail or RVM (ii) on his or her telephone (iii) by or on behalf of the Oasis Entities advertising the Oasis Entities' goods and services during the Class Period. Specifically excluded from the Settlement Class are: the Oasis Entities and their affiliates, employees, officers, directors, agents, representatives and their immediate family members; class counsel and the judge and magistrate judge who have presided over the Action and their immediate family members.

**2.35** "Settlement Class Members" means those persons who are members of the Settlement Class who do not timely submit a Request for Exclusion pursuant to Section 10.

**2.36** "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement.

**2.37** "Settlement Fund" means the non-reversionary cash fund established by the Oasis Entities in the amount of $7,000,000.00 (Seven Million Dollars), as described in Section 4.

**2.38** "Settlement Notice Date" means 28 days after an Order Granting Preliminary Approval is entered.

**2.39** "Settlement Website" means the Internet website operated by the Claims Administrator which will contain relevant documents and information about the Settlement.

**2.40** "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

**2.41** "Valid Claim" means a completed that is timely submitted by a Settlement Class Member and complies with the requirements more fully described in Section 9.

**3.** **All Parties Recommend Approval of the Settlement**

**3.01** The Oasis Entities' Position on the Conditional Certification of Settlement Class. The Oasis Entities dispute that a litigation class could be certified in this Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, the Oasis Entities do not oppose the certification for settlement purposes only of the Settlement Class. Preliminary certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor

would the Oasis Entities be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finalized or finally approved.  In addition, preliminary certification of the Settlement Class shall not be deemed to be a waiver of any argument concerning the personal jurisdiction over the Oasis Entities concerning claims of non-Illinois residents in any other current or future litigation matter.  The Oasis Entities submit to the personal jurisdiction of this Court concerning the Settlement Class for purposes of the Settlement and in this Action only.  If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Action. No agreements made by or entered into by the Oasis Entities in connection with the Settlement Agreement may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

**3.02** <u>Plaintiff's Belief in the Merits of Case</u>. Plaintiff and Class Counsel believe that the claims asserted in this Action have merit and that the evidence developed to date supports those claims. This Settlement will in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that the Oasis Entities have asserted.

**3.03** <u>Plaintiff Recognizes the Benefits of Settlement</u>. Plaintiff and Class Counsel recognize and acknowledge, however, the expense and amount of time that

would be required to continue to pursue this Action against the Oasis Entities, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Class. Plaintiff and Class Counsel have concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiff and Class Counsel believe that this Settlement Agreement confers substantial benefits upon the Class, is fair, reasonable, and adequate, and is in the best interests of the Class to settle as described herein.

4.      **<u>Monetary Consideration to the Settlement Class</u>**

**4.01**     <u>Settlement Payment</u>. Pursuant to the terms and conditions set forth below, the Oasis Entities shall pay, on a non-reversionary basis, cash in the amount of $7,000,000.00 (Seven Million Dollars and Zero Cents) to create the Settlement Fund for the benefit of Settlement Class Members, which will be used to pay all Settlement costs, including without limitation the Cash Awards, Notice and Administrative Costs, any Attorneys' Fee Award, and any Service Award, and will be in full satisfaction of all of the Oasis Entities' monetary obligations under this Settlement and Settlement Agreement.  In no event shall the Oasis Entities be obligated to contribute any monies in excess of the amount comprising the Settlement Fund.  Additionally, regardless of the number of Valid Claims submitted, no portion of the Settlement Fund or Available Cash Award Total shall be returned or refunded to the Oasis Entities, unless the Settlement is terminated pursuant to Section 14 below.

**4.02**     <u>Pro Rata Adjustment</u>.  Subject to the terms of this Agreement, each Settlement Class Member who submits a Valid Claim will be eligible to receive a Cash Award in the amount of a pro rata allocation of the Available Cash Award Total.

**4.03**     The Oasis Entities shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a Preliminary Approval Order, the Oasis Entities shall, starting as soon as seven (7) days of entry of the Preliminary Approval Order, pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payment directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

**4.04**     Within seven (7) days of the Effective Date, the Oasis Entities will wire transfer the Settlement Fund, less any amounts previously advanced by the Oasis Entities to the Settlement Administrator for payment of Notice and Administrative Costs, into an interest-bearing bank account (the "Settlement Account")  designated by the Settlement Administrator.  Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund.

**4.05**     Within ten (10) days of entry of the Effective Date, or at such other time as may be reasonably agreed upon by the Parties, the Settlement Administrator shall cause (a) any Service Award awarded by the Court to be paid, (b) any Attorneys' Fee Award awarded by the Court to be paid, and (c) the Cash Awards in the form of checks to be distributed to Settlement Class Members who submit a Valid Claim.  All payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within 180 days of the date of issuance.  To the extent that a check issued to a Settlement Class Member is not cashed within 180 days after the date of issuance, the check will be void.  In the event uncashed check funds allow for a subsequent distribution of Cash Awards of $1.00 or more per

claimant, after administration costs, a subsequent distribution of payments to Settlement Class Members will occur. In the event that the amount of uncashed check funds does not allow for a subsequent distribution of Cash Awards or in the event that a subsequent distribution of uncashed check funds in the Settlement Fund is otherwise infeasible, then the remaining uncashed funds shall be distributed as directed by the Court upon application made by the Parties. Under no circumstances shall any amount of the Settlement Fund revert back to the Oasis Entities.

**5.**     **Attorneys' Fees, Costs, and Service Award to Class Representative**

    **5.01**     Service Award Payment to Class Representative. The Oasis Entities agree to pay a Service Award to the Class Representative in the amount awarded by the Court to be paid from the Settlement Fund. Class Counsel will make an application to the Court for the Service Award no later than fourteen (14) days prior to the Opt-Out and Objection Deadline in the amount of $7,500.00.

    **5.02**     Attorneys' Fees and Costs. Class Counsel will make an application to the Court for an award of reasonable attorneys' fees plus reasonable expenses incurred in the Action no later than fourteen (14) days prior to the Opt-Out and Objection Deadline which shall be payable from the Settlement Fund and shall be the sole aggregate compensation paid by the Oasis Entities for Class Counsel. The Court shall determine the amount of any Attorneys' Fees Award.

    **5.03**     Settlement Independent of Award of Fees, Costs, and Service Awards. The payments of service awards and attorneys' fees and costs set forth in this Section 5 are subject to and dependent upon the Court's approval of the Settlement as fair, reasonable, adequate, and as in the best interests of Settlement Class Members.

However, the Settlement is not dependent or conditioned upon the Court approving Plaintiff's and Class Counsel's requests for such payments or awarding the particular amounts they seek. In the event the Court declines the requests or awards less than the amounts sought, the Settlement will continue to be effective and enforceable by the Parties and any such action by the Court does not constitute a material modification, amendment or change for purposes of Section 14.01.

## 6.     **Preliminary Approval**

**6.01**     <u>Preliminary Approval Order</u>. Following the execution of this Agreement, Plaintiff, with the consent of the Oasis Entities, will request that the Court enter a Preliminary Approval Order (substantially in the form attached hereto as **<u>Exhibit C</u>**):

> **a.**     Preliminarily approving this Settlement Agreement.

> **b.**     Preliminarily certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

> **c.**     Preliminarily finding that the proposed Settlement is fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose Class Counsel's intention to file an application with the Court for a Service Award to the Class Representative; (iii) provide information regarding the application for an Attorneys' Fee Award that Class Counsel intends to file with the Court; (iv) indicate the time and place of the Fairness Hearing to consider final approval of the Settlement, and the method for objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and the procedure for making inquiries.

     **d.**     Scheduling a Fairness Hearing on final approval of the Settlement to consider its fairness, reasonableness and adequacy and whether it should be finally approved by the Court, and to determine the reasonableness of the requested Attorneys' Fee Award and Service Award.

     **e.**     Appointing the Settlement Administrator.

     **f.**     Approving the Class Notice and directing the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

     **g.**     Finding that the Settlement Class Notice Program: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law.

     **h.**     Requiring the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program no later than fourteen (14) days before the Fairness Hearing.

     **i.**     Approving the Claim Form and setting a Claim Deadline.

     **j.**     Requiring any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely Request for Exclusion, postmarked or submitted electronically no later than the Opt-Out and Objection Deadline in strict compliance with the provisions of the Settlement

Agreement, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice.

      **k.**    Ordering that any member of the Settlement Class who does not submit a timely, written Request for Exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

      **l.**    Requiring any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to timely file with the Court and serve on Class Counsel and Defense Counsel no later than the Opt-Out and Objection Deadline, a statement of the objection signed by the Settlement Class Member containing all of the information required in Section 10.03.

      **m.**    Ordering that papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than fourteen (14) days prior to the Fairness Hearing.

      **n.**    Specifying that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise strictly comply with the applicable requirements shall be forever and completely foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

      **o.**    Requiring that any attorney hired or retained by, or who otherwise provided legal assistance to, a Settlement Class Member for the purpose of

objecting to the proposed Settlement, the Attorneys' Fee Award or the Service Award and who intends to make an appearance at the Fairness Hearing to provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and to file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Deadline or as the Court may otherwise direct.

      **p.**      Requiring that any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing shall so state in their objection papers or as the Court otherwise may direct.

      **q.**      Directing the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, Defense Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

      **r.**      Directing that Class Counsel shall file any applications for an Attorneys' Fee Award and Service Award at least fourteen (14) days prior to the Opt-Out and Objection Deadline.

      **s.**      Ordering the Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) days after the Opt-Out and Objection Deadline and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than fourteen (14) Days before the Fairness Hearing.

**t.**     Preliminarily enjoining all members of the Settlement Class unless and until they have timely and properly excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, continuing, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; (ii) filing, commencing, participating in, continuing, or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendant, any other Released Person and Class Counsel as a result of the violation. This Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

**u.**     Containing any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

7. <u>**Administration and Notification Process**</u>

**7.01** <u>Settlement Administrator</u>. The Settlement Administrator shall be Epiq Class Action & Claims Solutions, Inc., and will be responsible for effectuating the Settlement Class Notice Program, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, processing claims, acting as a liaison between Settlement Class Members and the Parties regarding claims information, approving claims, rejecting any Claim Form where there is evidence of fraud (as determined by the Claims Administrator under policies and procedures developed by the Claims Administrator and approved by the Parties), directing the distribution of awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing. The Settlement Administrator will provide periodic updates on the claims status to counsel for all Parties.

**7.02** <u>Class Member Data</u>. To facilitate the notice and claims administration process, the Oasis Entities will provide to the Claims Administrator in an electronically searchable and readable format, data that includes telephone numbers for known members of the Settlement Class, as such information is contained in the reasonably available records the Oasis Entities or their agents maintain(s). If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay such processes or make them more costly, the Claims Administrator will so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement. Any personal information relating to the Settlement Class Members provided to the Claims Administrator or Class Counsel pursuant to this Settlement will be provided solely for the purpose of providing

notice to the Settlement Class Members and allowing them to recover under this Settlement; will be kept in strict confidence; will not be disclosed to any third party; and will not be used for any other purpose. Such information is "Confidential Material" under the Court's Confidentiality Order, dated April 3, 2018. ECF Doc. 22.

**8.** <u>**Notice to the Class**</u>

**8.01** <u>Class Notice</u>. The Settlement Administrator will design and conduct a website-based publication notice program that will fully satisfy the requirements of due process and primarily focus on providing notice in states where the RVMs were transmitted. The website-based publication notice program will be initiated on or promptly after the Settlement Notice Date.

**8.02** <u>Settlement Website</u>. By the Settlement Notice Date, the Claims Administrator will maintain and administer a dedicated settlement website (for example, www.OasisEnergyTCPAsettlement.com or a similar URL) containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form that Settlement Class Members may download, complete, and submit electronically. At a minimum, such documents will include the Settlement Agreement and attached exhibits, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, and when filed, briefing on Class Counsel's motion for attorneys' fees and costs, briefing on Plaintiff' motion for service awards, the Preliminary Approval Order, and the Final Approval Order. The Settlement website will be taken down and rendered inaccessible 210 days after the Effective Date.

**8.03** <u>Toll-Free Telephone Number</u>. By the Settlement Notice Date, the

Claims Administrator will set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number will be maintained until 30 days after the Claims Deadline. After that time, and until 210 days after the Effective Date, a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and that details regarding the Settlement may be reviewed on the Settlement Website.

**8.04** CAFA Notice. The Oasis Entities, through the Claims Administrator, will be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten days of the filing of the Preliminary Approval Motion.

## 9. **Claims Process**

**9.01** Claims. Each Settlement Class Member who does not timely submit a valid Request for Exclusion from the Settlement as required in this Agreement will be entitled to make a claim. The Class Notice shall provide information to Settlement Class Members regarding the submission of Claim Forms. Claim Forms shall be available from the Settlement Administrator, upon request, and on the Settlement Website. Settlement Class Members will be able to submit their respective Claim Forms through the Settlement Website, by Electronic Mail (E-mail), or by U.S. Mail. A Valid Claim Form must contain the following information: (1) name; (2) current address; (3) telephone number at which claimant received one or more RVM by or on behalf of the Oasis Entities; (4) certification that claimant received one or more RVMs on the identified telephone number during the Class Period; (5) another contact telephone number, if available; and (7) a contact email address, if available.

**9.02** Conditions for Claim. To make a Valid Claim, Settlement Class

Members must submit their Claim Forms by the Claim Deadline. The Settlement Administrator shall be responsible for reviewing all claims to determine their validity, including the identification of a telephone number on the list of numbers provided by the Oasis Entities pursuant to Section 7.02;

a.       The Settlement Administrator will notify claimants who submit an incomplete or incorrect Claim Form of any deficiency, including an invalid or incorrect telephone number, and provide them the opportunity to submit a corrected form. Following such opportunity to submit a corrected claim form, any claim that is not timely submitted and substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is received or submitted electronically after the Claim Deadline shall be rejected and deemed a nullity.

b.       Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to Class Counsel. If Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of Defense Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim. Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the rejected claim. The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion.

c.       At any time during the claims process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and Defense Counsel. Class Counsel and Defense Counsel shall

23

endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, the Parties may suspend the claims process and promptly seek assistance from the Court.

d.     The Claim Forms and Class Notices shall be in the substantially similar form and substance attached hereto as **Exhibits A and B**, respectively.

### 9.03   **Mailing of Cash Awards**.

a.     Initial Distribution. Award checks will be sent by the Claims Administrator via U.S. mail. If any checks are returned, the Claims Administrator will attempt to contact the claimant to obtain a new mailing address.  If, after a second mailing, the check is again returned, no further efforts need be taken by the Claims Administrator to resend the check. The Claims Administrator will advise Class Counsel and counsel for the Oasis Entities of the names of the claimants whose checks are returned by the postal service as soon as practicable. Each check will be negotiable for 180 days after it is issued. Upon request by a claimant, the Claims Administrator may re-issue checks, provided that such re-issued checks will not be negotiable beyond that date that is 180 days after the date of issuance of the original check to such claimant.

b.     Remaining Funds. After the negotiation period for all checks issued and re-issued in the Initial Distribution has expired, the Claims Administrator will use the amount of money represented by the uncashed checks to fund additional efforts to reissue, deliver, and pay awards to the Settlement Class Members who did not cash their earlier checks. The steps and process are set out above in Section 4.05.

## 10.     **Opt-Outs and Objections**

10.01   Opting Out of the Settlement. Any Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a written Request for

Exclusion to the Claims Administrator, postmarked no later than the Opt-Out and Objection Deadline. To be valid, a Request for Exclusion must state the Settlement Class Member's full name, address, telephone number(s) on which he or she received a RVM sent by or on behalf of the Oasis Entities during the Class Period, and a telephone number at which he or she currently can be reached. Further, the Request for Exclusion must clearly state that the Settlement Class Member wishes to be excluded from the Settlement. Any Settlement Class Member who timely submits a valid Request for Exclusion will be excluded from the Settlement Class and will not be bound by the terms of this Settlement Agreement. Settlement Class Members who do not timely submit a valid Request for Exclusion will be bound by this Agreement and the judgment, including the releases and covenant not to sue in Section 14 below.

**10.02** <u>Reporting of Opt-Outs</u>. The Claims Administrator will provide the Parties with copies of all Requests for Exclusion it receives and will provide a list of each Settlement Class Member who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 11.01.

**10.03** <u>Objections</u>. Any Settlement Class Member who wishes to object to the Settlement must file a written Objection with the Court no later than the Opt-Out and Objection Deadline. The Settlement Class Member must also serve a copy of the Objection via first- class U.S. mail on Class Counsel and the Oasis Entities Counsel. The Objection must include:

    **a.**    The name, address, telephone number, email address, and date of birth of the Settlement Class Member who is objecting and the phone number at which the person received one or more RVMs by or on behalf of the Oasis Entities during the

Class Period, and if represented by or otherwise receiving any legal advice or assistance by counsel, the name, bar number, address, and telephone number of counsel;

      **b.**    Proof of receipt of a RVM sent by or on behalf of the Oasis Entities during the Class Period (e.g., recording or screenshot);

      **c.**    A signed statement stating, under penalty of perjury, that he or she is a member of the Settlement Class and received one or more messages sent by or on behalf of Defendant between February 12, 2014 and the Preliminary Approval Date, and that all other factual statements made in the objection are true;

      **d.**    The reasons for his or her Objection and the legal and factual basis for the Objection;

      **e.**    The actual written signature of the Settlement Class Member making the objections;

      **f.**    A statement indicating whether he or she intends to appear at the Fairness Hearing, either with or without counsel; and

      **g.**    A list of all persons who will be called to testify at the Fairness Hearing in support of the objection; and

The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Action, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis, and the objecting Settlement Class Member is required to respond to any written discovery within fourteen (14) days and must appear for deposition within fourteen (14) days after a deposition is noticed. Settlement Class Members who fail to timely file and serve written Objections or fail to respond to discovery or make

themselves available for deposition shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

**10.04** <u>Fairness Hearing</u>. Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

## 11. **Final Approval and Judgment Order**

**11.01** No later than 14 days prior to the Fairness Hearing, the Claims Administrator will file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02** If the Court issues the Preliminary Approval Order, and all other conditions precedent to the Settlement have been satisfied, no later than 14 days prior to the Fairness Hearing, the Parties will request that the Court enter the Final Approval Order in substantially the form attached as **Exhibit D**, that:

      **a.** Finds that the Court has personal jurisdiction over Plaintiff and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

      **b.** Certifies a Settlement Class for purposes of this Settlement;

      **c.** Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all

Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

      **d.**      Declares this Settlement Agreement and the Final Approval Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiff and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

      **e.**      Finds that the Settlement Class Notice Program: (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law (including but not limited to Rule 23, Illinois state law, and that the CAFA Notice sent by the Oasis Entities complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005);

      **f.**      Approves the Claim Forms distributed to the Settlement Class;

      **g.**      Finds that Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

      **h.**      Dismisses the Action on the merits and with prejudice and

without fees or costs except as provided herein, in accordance with the terms of the Final Approval Order and Judgment;

      **i.**      Adjudges that Plaintiff and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against Defendant and the Released Persons;

      **j.**      Without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, Defendant, Plaintiff and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

      **k.**      Provides that upon entry of the Final Approval Order and Judgment, Plaintiff and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against Defendant and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendant and all Released Persons;

      **l.**      Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendant or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial;

provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

       **m.**    Bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, continuing, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

       **n.**    States that any person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendant and/or any other Released Persons and Class Counsel as a result of the violation;

       **o.**    Approves the Opt-Out List and determines that the Opt-Out List is a conclusive and complete list of all members of the Settlement Class who have timely and effectively requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, and

      **p.**      Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Approval Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

**11.03**  As of the date of the Final Approval Order and Judgment, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

      **a.**      Subject to Court approval, all Settlement Class Members who have not timely and properly excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Action or this Settlement.

      **b.**      Without in any way limiting the scope of the Release, the Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for a Service Award to Plaintiff and an Attorneys' Fee Award to Class Counsel.

      **c.**      The Releasing Persons and the Released Persons expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Notwithstanding California or similar provisions applicable in other states, the Releasing Persons and the Released Persons hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons hereby agree and acknowledge that this is an essential term of the Releases. In connection with the Release, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

      **d.**    Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

**12.**    <u>**Effective Date**</u>

**12.01** The Effective Date will occur:

    **a.**    Thirty (30) days after entry of the judgment approving the Settlement if no document is filed within that time seeking appeal, review, or any relief that would result in extending the time to seek appeal or review; or

    **b.**    If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect without any material difference from the contents described in Section 11.02.

## 13.   Confirmatory Discovery

**13.01** Class Counsel represent that they have conducted discovery to confirm the accuracy of the information provided to them during the course of the litigation and the Parties' settlement negotiations. The purpose of that discovery was to confirm the factual record relating to the Parties' arguments regarding liability, available defenses, and the total number of Settlement Class Members. This discovery is to be used solely for purposes of this Settlement and may not be used for any purpose in the event this Agreement is terminated or is not fully and finally approved by the Court.

## 14.   Termination of Agreement

**14.01** <u>Either Side May Terminate the Agreement</u>. Plaintiff and the Oasis Entities will each have the right to unilaterally terminate this Agreement upon any of the following occurrences:

    **a.**    The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

**b.**     An appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand; or

**c.**     Any court incorporates terms into, or deletes or strikes from, or modifies, amends, or changes the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in any way that is material; or

**d.**     The Court indicates, prior to making a final ruling on the Settlement, that the Settlement will not be approved unless material changes are made.

**14.02**   Exercising the Right to Terminate. The right to terminate expires if it is not exercised within ten (10) days of the triggering occurrence. To exercise the right, a Party must provide written notice of their or its election to do so ("Termination Notice") to all other Parties. If the triggering occurrence is a court making or proposing a material change to the Settlement Agreement, Preliminary Approval Order, or Final Approval Order, a Party desiring to terminate must meet and confer with the other Parties to discuss in good faith whether they can reach agreement to the change(s) before the Party may exercise the right to terminate.

**14.03**   Revert to Status Quo. If either Plaintiff or the Oasis Entities terminate  this Agreement as provided herein, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination will not be refunded to the Oasis Entities.

15. <u>**No Admission of Liability**</u>

**15.01** The Oasis Entities deny any liability or wrongdoing of any kind associated with Plaintiff's alleged claims in the Action, whether related to their conduct or the conduct of third parties on their behalf. The Oasis Entities have denied and continue to deny each and every material factual allegation and all claims asserted against them in the Action. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein will constitute an admission by the Oasis Entities that the Action is properly brought on a class or representative basis, or that classes may be certified in that Action, other than for settlement purposes. To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of the Oasis Entities or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of the Oasis Entities in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**15.02** Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this

Agreement.

16. **Miscellaneous**

**16.01** <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

**16.02** <u>Governing Law</u>. This Agreement will be governed by the laws of the State of Illinois.

**16.03** <u>Jurisdiction</u>. The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including Plaintiff and all Settlement Class members, for purposes of the administration and enforcement of this Agreement.

**16.04** <u>No Construction Against Drafter</u>. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**16.05** <u>No Rescission on Grounds of Mistake</u>. The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. Moreover, the Parties understand, agree and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them

or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

**16.06** <u>Resolution of Disputes</u>. The Parties will cooperate in good faith in the administration of this Settlement. Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a mediator upon agreement of the Parties.

**16.07** <u>Counterparts</u>. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

**16.08** <u>Integration Of Exhibits</u>. Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

**16.09** <u>Time Periods</u>. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**16.10** <u>Authority</u>. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**16.11** <u>Modification</u>. This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of the Oasis Entities and Plaintiff and approved by the Court.

**16.12** <u>Confidentiality</u>. The Parties and counsel agree to keep the Settlement, including

all terms and discussions related thereto, confidential until the filing of a motion to preliminarily approve the Settlement. Unless required by law, Plaintiff and Plaintiff's counsel also agree that they shall not publish a press release, website statement, or otherwise publicize the Settlement without the prior written review and approval of Defendant, except that after Final Approval, Plaintiff's counsel may identify the fact of the Settlement.

**16.13** <u>No Media Statements</u>. Plaintiff, Class Counsel and all other counsel of record for Plaintiff agree not to issue any press releases regarding this settlement or publicize it in any way. Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude Plaintiff or Class Counsel from making a public statement in support of the Settlement. For example, Plaintiff or Class Counsel may state that the Settlement is a good result for the Class. In addition, nothing in this Settlement Agreement shall preclude Plaintiff or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

**16.14** <u>Representation of Plaintiff's Counsel</u>. Counsel for Plaintiff represent and warrant that: (i) they have not been currently retained by any other individual or entity for purpose of filing a claim or action against any Defendant involving, relating to, or arising from the TCPA; (ii) they have no present plan or intention to represent, or encourage any person for purposes of asserting or filing a claim or action against Defendant involving, relating to, or arising from the TCPA; and (iii) they have no present plan or intention to refer any person to any other attorney or agent thereof for purpose of asserting or filing a claim against Defendant involving, relating to, or arising from the TCPA.

**16.15** <u>Binding on Assigns</u>. This Settlement Agreement shall be binding upon

the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

**16.16** <u>Conflicts</u>. In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the Settlement, the terms of the Settlement Agreement supersede and control.

**16.17** <u>Headings</u>. The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

**16.18** <u>Best Efforts</u>. In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect. The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

**16.19** <u>Notices</u>. Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

IF TO PLAINTIFF OR CLASS COUNSEL:

Katrina Carroll
kcarroll@carlsonlynch.com
Kyle Shamberg

kshamberg@carlsonlynch.com
**CARLSON LYNCH LLP**
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Phone No. (312) 750-1265


IF TO DEFENDANTS:


Michelle Pector
michelle.pector@morganlewis.com
Ezra Church
ezra.church@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Phone No. (215) 963-5000



1N WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives below.


PLAINTIFF:

By:_____      Date:_____
Kenneth Albrecht




DEFENDANTS:

By:_____      Date:_____

**PLAINTIFF:**

By: Kenneth Albrecht Date: 9 / 11 / 19

**Kenneth Albrecht**

**DEFENDANTS:**

**By:**____________________________ **Date:**__________________________

kshamberg@carlsonlynch.com
**CARLSON LYNCH LLP**
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Phone No. (312) 750-1265


IF TO DEFENDANTS:


Michelle Pector
michelle.pector@morganlewis.com
Ezra Church
ezra.church@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Phone No. (215) 963-5000


IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives below.

**PLAINTIFF:**

By:_____     Date:_____
Kenneth Albrecht



**DEFENDANTS:**

By:_____     Date:___September 13, 2019___
Nathan Krocker
President and CEO

40

EXHIBIT LIST:

Exhibit A:   Claim Form
Exhibit B:   Class Notices
Exhibit C:   Preliminary Approval Order
Exhibit D:   Final Approval Order

<< Mail ID>>

## Oasis Entities Energy Settlement

## CLAIM FORM

### Case No. 18-cv-1061

Return this Claim Form to:  Claim Administrator, PO Box xxxx, Portland, OR xxxxx- xxxx. Questions, visit **www.OasisEnergyTCPAsettlement.com**  or call **1-xxx-xxx-xxxx.**

**DEADLINE: THIS CLAIM FORM MUST BE POSTMARKED BY [MONTH  DAY, YEAR]  BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**YOU MUST SUBMIT THIS CLAIM FORM TO RECEIVE A SETTLEMENT PAYMENT.**

This settlement involves Oasis and its affiliates, including Censtar, Electricity Maine, Electricity N.H., Major Energy, Perigee, Provider Power Mass, Respond Power, Spark, and Verde (together, the "Oasis Entities").

Please note that if you are a Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, that all information contained therein is true and correct. This Claim Form may be researched and verified by the Claim Administrator.

| YOUR CONTACT INFORMATION |
|---|

**Name:** _____   _____   _____
               (First)                              (Middle)                    (Last)

**Current Address:** _____

(City)                                          (State)              (ZIP Code)

**Telephone Number on the Date you Received a Prerecorded Message:** (_____)_____ – _____
**Email address:**

**Current Phone Number:** (_____)_____ –_____   or ☐ check if same as above
(Please provide a phone number where you can be reached if further information is required.)

| Class Member Verification |
|---|

By submitting this claim form, I declare under penalty of perjury that I am a member of the Class (defined as "[a]ll individuals within the United States (i) who were sent a prerecorded message, also referred to as a ringless voicemail (ii) on his or her telephone (iii) by or on behalf of the Oasis Entities (defined above) advertising the Oasis Entities' goods and services during the Class Period (February 12, 2014 through the date of Preliminary Approval).)"  I further declare under penalty of perjury that I am the current subscriber of the cellular telephone mentioned in subsection (ii) above, and that the information provided herein is true and correct.
**********************************************************************

**I declare under penalty of perjury that the foregoing is true and correct.**

Signature:_____         Date: _____

Print Name:_____

If you have questions, you may call the Claim Administrator at 1-xxx-xxx-xxxx.

## PUBLICATION NOTICE

## (BANNER AD AND PLACARD)

---

**LEGAL NOTICE**

**If You Received a Prerecorded Message from Oasis Energy or its Affiliates, incl. Censtar, Electricity Maine, Electricity N.H., Major Energy, Perigee, Provider Power Mass, Respond Power, Spark, and Verde You May Be Entitled to a Payment from a Class Action Settlement**

Visit www.OasisEnergyTCPAsettlement.com for more information.

---

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

# If You Received a Prerecorded Message from Oasis Energy or its Affiliates, incl. Censtar, Electricity Maine, Electricity N.H., Major Energy, Perigee, Provider Power Mass, Respond Power, Spark, and Verde You May Be Entitled to a Payment from a Class Action Settlement

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement[1] has been reached in a class action lawsuit about whether Oasis Power, LLC d/b/a/ Oasis Energy and related entities, including Censtar, Electricity Maine, Electricity N.H., Major Energy, Perigee, Provider Power Mass, Respond Power, Spark, and Verde (together, the "Oasis Entities") sent prerecorded voicemail messages to mobile telephone numbers without prior express written consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Oasis denies the allegations and any wrongdoing. The Court has not decided who is right.

- The Settlement offers payments to Settlement Class Members who file valid Claims.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you are a member of the Settlement Class, you must submit a completed and valid Claim Form to receive a payment. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class, you will receive your payment by check. |
| **EXCLUDE YOURSELF** | You may request to be excluded from the Settlement and, if you do, you will receive no benefits from the Settlement. |
| **OBJECT** | Write to the Court if you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in court about the fairness of the Settlement. |
| **DO NOTHING** | You will not receive a payment if you fail to timely submit a completed Claim Form, and you will give up your right to bring your own lawsuit against the Oasis Entities about the Claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

---

[1] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement, a copy of which may be found online at the Settlement Website below.

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT**
**www.OasisEnergyTCPAsettlement.com**

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit a qualifying Claim Form. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................**PAGE 3**
1. Why is there a Notice?
2. What is this litigation about?
3. What is the Telephone Consumer Protection Act?
4. Why is this a class action?
5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**..........................................................**PAGE 4**
6. Who is included in the Settlement?
7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**......................................................................**PAGE 4**
8. What does the Settlement provide?
9. How do I file a Claim?
10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.......................................**PAGE 5**
11. How do I get out of the Settlement?
12. If I do not exclude myself, can I sue the Oasis Entities for the same thing later?
13. What am I giving up to stay in the Settlement Class?
14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**...........................................................**PAGE 6**
15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**..............................................................**PAGE 6**
17. How do I tell the Court I do not like the Settlement?
18. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING**.................................................................**PAGE 7**
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to attend the hearing?
21. May I speak at the hearing?

**IF YOU DO NOTHING**..................................................................................**PAGE 8**
22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**..................................................................**PAGE 8**
23. How do I get more information?

## BASIC INFORMATION

**1. Why is there a Notice?**

A court authorized this Notice because you have a right to know about a proposed Settlement of a class action lawsuit known as *Albrecht v. Oasis Power, LLC d/b/a Oasis Energy*, No. 18-cv-1061 (N.D. Ill. 2018) and about all of your options before the Court decides whether to give Final Approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Harry D. Leinenweber of the United States District Court for the Northern District of Illinois is overseeing this case. The person who sued, Kenneth Albrecht, is called the "Plaintiff." Oasis and its affiliated entities Censtar, Electricity Maine, Electricity N.H., Major Energy, Perigee, Provider Power Mass, Respond Power, Spark, and Verde are called the "Oasis Entities."

**2. What is this litigation about?**

The lawsuit alleges that the Oasis Entities sent prerecorded messages (also known as "ringless voicemails") to Plaintiff's wireless telephone number without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and seeks actual and statutory damages on behalf of Plaintiff and a class of all individuals in the United States.

The Oasis Entities deny each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in the litigation and that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through trial.

Plaintiff's Complaint, Settlement Agreement, and other case-related documents are posted on the Settlement Website, www.OasisEnergyTCPAsettlement.com. The Settlement resolves the lawsuit. The Court has not decided who is right.

**3. What is the Telephone Consumer Protection Act?**

The Telephone Consumer Protection Act is a federal law that restricts telephone solicitations and the use of automated telephone equipment.

**4. Why is this a class action?**

In a class action, one person called the "Class Representative" (in this case, Plaintiff Kenneth Albrecht) sues on behalf of himself and other people with similar claims.

All of the people who have claims similar to those of Plaintiff are Settlement Class Members, except for those who exclude themselves from the class.

**5. Why is there a settlement?**

The Court has not found in favor of either Plaintiff or the Oasis Entities. Instead, both sides have agreed to a settlement to avoid the costs and uncertainty of a trial. If the Settlement is approved by the Court, Settlement Class Claimants will receive the benefits described in this Notice. The Oasis Entities deny all legal claims in this case. Plaintiff and his lawyers think the proposed Settlement is best for everyone who is affected.

# WHO IS PART OF THE SETTLEMENT

**6. Who is included in the Settlement?**

The Settlement includes:

> **All individuals within the United States (i) who were sent a prerecorded message, also referred to a ringless voicemail (ii) on his or her telephone (iii) by or on behalf of the Oasis Entities advertising the Oasis Entities' goods and services during the Class Period (February 12, 2014 through the date of Preliminary Approval).**

> Persons meeting this definition are referred to collectively as the "Settlement Class" and, individually, as "Settlement Class Members."

> Excluded from the Settlement Class are the Oasis Entities and their affiliates, employees, officers, directors, agents, representatives and their immediate family members; class counsel and the judge and magistrate judge who have presided over the Action and their immediate family members.

**7. What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are in the Settlement Class or have any other questions about the Settlement, visit the Settlement Website at www.OasisEnergyTCPAsettlement.com or call the toll-free number, 1-xxx-xxx-xxxx. You also may send questions to the Settlement Administrator at Oasis Energy TCPA Settlement Administrator, P.O. Box XXXX, XXXX, XX XXXX.

# THE SETTLEMENT BENEFITS

**8. What does the Settlement provide?**

To fully settle and release claims of the Settlement Class Members, the Oasis Entities have agreed to make payments to the Settlement Class Members and pay for notice and administration costs of the Settlement, attorneys' fees and expenses incurred by counsel for the Settlement Class, and a service award for Plaintiff. Defendant will make available $7,000,000.00 (the "Settlement Fund"). Each Settlement Class Member who submits a timely, valid, correct and verified Claim Form by the Claim Deadline in the manner required by the Settlement Agreement shall be sent a Cash Award by the Administrator. Claimants will be sent their payment to the address they submitted on their Claim Form.

**9. How do I file a Claim?**

If you qualify for a payment, you must complete and submit a valid Claim Form. You may download a Claim Form at the Settlement Website, www.OasisEnergyTCPAsettlement.com, or request a Claim Form by calling the Settlement Administrator at the toll-free number below. To be valid, a Claim Form must be completed fully and accurately, signed under penalty of perjury, and submitted timely.

You must submit a Claim Form by U.S. mail or through the Settlement Website, and it must be postmarked by [DATE].

Please read the Claim Form carefully and provide all the information required. Only one Claim Form may be submitted per Settlement Class Member.

**10. When will I receive my payment?**

Payments to Settlement Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Fairness Hearing" below). If there are appeals, resolving them can take time. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue the Oasis Entities on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement Class.

### 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a timely letter by mail to:

Oasis Energy Settlement Administrator
P.O. Box XXXX
XXXX, XX XXXX

Your request to be excluded from the Settlement must be personally signed by you under penalty of perjury and contain a statement that indicates your desire to be "excluded from the Settlement Class" and that, absent of excluding yourself or "opting out," you are "otherwise a member of the Settlement Class."

Your exclusion request must be postmarked no later than **xxxxxxxxx**. You cannot ask to be excluded on the phone, by email, or at the Settlement Website.

You may opt out of the Settlement Class only for yourself.

### 12. If I do not exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up the right to sue the Oasis Entities for the claims that the Settlement resolves. You must exclude yourself from this Settlement Class in order to pursue your own lawsuit.

### 13. What am I giving up to stay in the Settlement Class?

Unless you opt out of the Settlement, you cannot sue or be part of any other lawsuit against the Oasis Entities about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at www.OasisEnergyTCPAsettlement.com. The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Class listed in Question 15 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Claims or what they mean.

### 14. If I exclude myself, can I still get a payment?

No. You will not get a payment from the Settlement Fund if you exclude yourself from the Settlement.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in the case?**

The Court has appointed the following lawyers as "Class Counsel" to represent all members of the Settlement Class.

Katrina Carroll, Esq.
Carlson Lynch LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602

Scott Edelsberg, Esq.
Edelsberg Law, PA
19495 Biscayne Blvd #607
Aventura, FL 33180

Andrew J. Shamis, Esq.
Shamis & Gentile, P.A.
14 NE 1st Avenue, Suite 400
Miami, FL 33132

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

**16. How will the lawyers be paid?**

Class Counsel intend to request up to 33 1/3% of the value of the Settlement for attorneys' fees plus reimbursement of reasonable, actual out-of-pocket expenses incurred in the litigation. The fees and expenses awarded by the Court will be paid out of the Settlement Fund. The Court will decide the amount of fees and expenses to award.

Class Counsel will also request that a Service Award of $7,500.00 be paid from the Settlement Fund to the Class Representative for his service as representative on behalf of the whole Settlement Class.

## OBJECTING TO THE SETTLEMENT

**17. How do I tell the Court if I do not like the Settlement?**

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement. To object, you must timely submit a letter that includes the following:

1) A heading that includes the case name and case number: *Albrecht v. Oasis Power, LLC d/b/a Oasis Energy*, No. 18-cv-1061 (N.D. Ill. 2018);

2) Your name, address, telephone number, email address, date of birth and the cell phone number at which you received messages by or on behalf of the Oasis Entities and if represented by counsel, the name, bar number, address, and telephone number of your counsel;

3) Proof of receipt of a prerecorded message sent by or on behalf of the Oasis Entities (e.g., recording or screenshot) and a signed statement stating, under penalty of perjury, that you received one or more prerecorded messages from by or on behalf of the Oasis Entities and are a member of the Settlement Class;

4) A statement of all your objections to the Settlement including your legal and factual basis for each objection;

5) A statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend; and

6) A list of all persons who will be called to testify at the Fairness Hearing in support of the objection.

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) and mail your objection to each of the following three (3) addresses, and your objection must be postmarked by XXXXXXXXXX. Pursuant to the Settlement Agreement, if you object to the Settlement, you may be required to participate in discovery, including by responding to written discovery and sitting for a deposition.

| Clerk of the Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| United States District Court for the Northern District of Illinois 219 South Dearborn Chicago, IL 60604 | Katrina Carroll Kyle Shamberg Carlson Lynch LLP 111 W. Washington St Suite 1240 Chicago, IL 60602 | Michelle Pector Ezra Church Morgan Lewis & Bockius LLP 1701 Market Street Philadelphia, PA 19103 |

### 18. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Fairness Hearing").

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT**
**www.OasisEnergyTCPAsettlement.com**

### 19. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Fairness Hearing on **xxxxxxx at xxx a.m.** at the xxxxxxxxxxxxx. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.OasisEnergyTCPAsettlement.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and expenses and for a Service Award to the Class Representative. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

### 20. Do I have to attend the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time to the proper addresses and it complies with all the other requirements set forth above, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, your timely filed objection must include a statement of whether you intend to appear at the Fairness Hearing (*see* Question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

If you are a Settlement Class member and do nothing, meaning you do not file a timely Claim, you will not get benefits from the Settlement. Further, unless you exclude yourself, you will be bound by the judgment entered by the Court.

## GETTING MORE INFORMATION

### 23. How do I get more information?

This Notice summarizes the proposed Settlement. You are urged to review more details in the Settlement Agreement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.OasisEnergyTCPAsettlement.com. You also may write with questions to the Settlement Administrator at Oasis Energy Settlement Administrator, P.O. Box XXXX, XXXX, XX XXXXX or call the toll-free number, 1-xxx-xxx-xxxx.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH ALBRECHT,<br>individually and on behalf of all<br>others similarly situated, | )<br>)<br>) | **CASE NO. 1:18-cv-1061** |
| | ) | |
| Plaintiff | ) | Honorable Harry D. Leinenweber |
| | ) | |
| vs. | ) | |
| | ) | |
| OASIS POWER, LLC d/b/a OASIS<br>ENERGY, | )<br>)<br>) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary

Approval of Class Action Settlement, under Federal Rule of Civil Procedure 23(e). Based on this

Court's review of the Parties' Settlement Agreement and Plaintiff's Unopposed Motion for

Preliminary Approval of Class Action Settlement, and all files and submissions,

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.    The Settlement Class**

1.    <u>Settlement Terms</u>. Unless otherwise defined herein, all capitalized terms in this Order

shall have the meanings ascribed to them in the Settlement Agreement.

2.    <u>Jurisdiction</u>. The Court has subject-matter jurisdiction over this action pursuant to 28

U.S.C. §§ 1332 and 1367, and personal jurisdiction over Plaintiff and Defendant Oasis Power,

LLC d/b/a/ Oasis Energy ("Oasis") and the following related entities; Spark Energy, LLC; Spark

Energy Gas, LLC; CenStar Energy Corp.; Electricity Maine, LLC; Electricity N.H., LLC; Provider

Power Mass, LLC; Major Energy Services, LLC; Major Energy Electricity Services LLC;

9

Respond Power LLC; Perigee Energy, LLC; Verde Energy USA, Inc.; Verde Energy USA Commodities, LLC; Verde Energy USA Connecticut, LLC; Verde Energy USA DC, LLC; Verde Energy USA Illinois, LLC; Verde Energy USA Maryland, LLC; Verde Energy USA Massachusetts, LLC; Verde Energy USA New Jersey, LLC; Verde Energy USA New York, LLC; Verde Energy USA Ohio, LLC; Verde Energy USA Pennsylvania, LLC; Verde Energy USA Texas Holdings, LLC; Verde Energy USA Trading, LLC; Verde Energy Solutions, LLC (together with Oasis, the "Oasis Entities"). Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

      3.    <u>Preliminary Findings</u>. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement as set forth in the Settlement Agreement. Based on this preliminary evaluation, the Court finds that (a) the Settlement falls within the range of reasonableness meriting further proceedings and possible final approval; (b) the Settlement Agreement has been negotiated in good faith and at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) dissemination of the notice of the material terms of the Settlement Agreement to Settlement Class Members for their consideration and reaction is warranted. The Court therefore grants preliminary approval of the Settlement.

      4.    <u>Provisional Certification of Settlement Class</u>. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby provisionally certifies this action as a class action on behalf of the following Settlement Class:

> All individuals within the United States (i) who were sent a prerecorded message, also referred to a ringless voicemail (ii) on his or her telephone (iii) by or on behalf of the Oasis Entities advertising the Oasis Entities' goods and services during the Class Period (February 12, 2014 through the date of Preliminary Approval).[1]

---

[1] As set forth in the Settlement Agreement, specifically excluded from the Settlement Class are the Oasis Entities and their affiliates, employees, officers, directors, agents, representatives and their immediate family members; class counsel and the judge and magistrate judge who have presided over

5.      In connection with this provisionally certification for settlement purposes, the Court makes the following preliminary findings:

      a.      The Settlement Class appears to be so numerous that joinder of all members is impracticable;

      b.      There appear to be questions of fact or law common to the Settlement Class for purposes of determining whether the Settlement should be approved;

      c.      Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

      d.      Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement.

      e.      For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

      f.      For purposes of settlement, certification of the Settlement Class appears to be superior to other available means for the fair and efficient settlement of the claims of the Settlement Class.

6.      <u>Appointment of Class Representative</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that, for purposes of the Settlement, Plaintiff Kenneth Albrecht is a member of the Settlement Class and that, for Settlement purposes only, he satisfies the requirement that he will adequately represent the interests of the Settlement Class Members. The Court hereby appoints the named Plaintiff Kenneth Albrecht as Class

---

the Action and their immediate family members.

9

Representative of the Settlement Class.

7.    <u>Appointment of Class Counsel</u>. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having reviewed the submissions of Plaintiff's counsel and the work performed by Plaintiff's counsel thus far in this litigation, the Court finds that Katrina Carroll of Carlson Lynch LLP, Scott Edelsberg of Edelsberg Law PA, Andrew Shamis of Shamis & Gentile PA and Manuel S. Hiraldo of Hiraldo P.A. will fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court hereby appoints Katrina Carroll, Scott Edelsberg, Andrew Shamis and Manuel Hiraldo as Class Counsel to represent the Settlement Class.

**B.    The Fairness Hearing**

1.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing **on [DATE] at [TIME],** for the purposes of determining whether to issue an order:

(a)    Finding that the Court has personal jurisdiction over Plaintiff and all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement and Settlement Agreement and all exhibits thereto;

(b)    Certifying a Settlement Class for purposes of this Settlement;

(c)    Finally approving the Settlement Agreement as fair, reasonable and adequate as to all Parties and Settlement Class Members and consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties, and directing the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions;

(d)    Declaring the Settlement Agreement and the Final Approval Order and Judgment to be binding on and having res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of

9

Plaintiff and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(e) Finding that the Settlement Class Notice Program: (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law, and that the CAFA Notice sent by the Oasis Entities complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005;

(f) Approving the Claim Forms distributed to the Settlement Class;

(g) Finding that Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(h) Dismissing the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Approval Order and Judgment;

(i) Adjudging that Plaintiff and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against the Oasis Entities and the Released Persons;

(j) Without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, reserving jurisdiction over the Settlement Administrator, the Oasis

9

Entities, Plaintiff and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

        (k)    Providing that upon entry of the Final Approval Order and Judgment, Plaintiff and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against the Oasis Entities and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against the Oasis Entities and all Released Persons;

        (l)    Determining that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by the Oasis Entities or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

        (m)    Barring and permanently enjoining all Settlement Class Members from (1) filing, commencing, prosecuting, continuing, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a

separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

        (n)    Stating that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by the Oasis Entities and/or any other Released Persons and Class Counsel as a result of the violation;

        (o)    Approving the Opt-Out List and determining that the Opt-Out List is a conclusive and complete list of all members of the Settlement Class who have timely and effectively requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, and

        (p)    Authorizing the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Approval Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

2.    No later than **[DATE]**, which is fourteen (14) days prior to the Fairness Hearing, Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections. The Oasis Entities may, but are not required to, file papers in support of final approval of the Settlement, so long as it does so no later than **[SAME DATE]**.

3.    <u>Appearance at Fairness Hearing</u>. Attendance at the Fairness Hearing is not necessary; however, any persons wishing to be heard orally with respect to approval of the Settlement, the application for attorneys' fees and expenses, or the application for payments to

<div align="center">9</div>

the Class Representative, are required to provide written notice of their intention to appear at the Fairness Hearing no later than **[DATE]**, which is the Opt-Out and Objection Date. Persons who do not intend to oppose the Settlement, attorneys' fees and expenses, or service awards need not take any action to indicate their approval.

    4.    <u>Deadline to File Motion for Attorneys' Fees and Service Award</u>: Class Counsel shall file any applications for an Attorneys' Fee Award and a Service Award by no later than **[DATE]**, which is fourteen (14) days prior to the Opt-Out and Objection Date.

**C.**        **Objections to Settlement.**

    1.    Any Settlement Class Member who intends to object to any aspect of the Settlement, including a request for attorneys' fees and expenses to Class Counsel, or service awards to the Class Representative, must do so on or before the Opt-Out and Objection Date. In order to object, the Settlement Class Member must file a written objection with the Court on or before the Opt-Out and Objection Date and serve it via mail on Class Counsel and Defense Counsel and include: (a) the name, address, telephone number, email address, and date of birth of the Settlement Class Member who is objecting and the phone number at which the person received one or more RVMs by or on behalf of the Oasis Entities during the Class Period, and if represented by or otherwise receiving any legal advice or assistance by counsel, the name, bar number, address, and telephone number of counsel; (b) proof of receipt of a RVM sent by or on behalf of the Oasis Entities during the Class Period (e.g., recording or screenshot); (c) a signed statement stating, under penalty of perjury, that he or she is a member of the Settlement Class and received one or more messages sent by or on behalf of the Oasis Entities between February 12, 2014 through the date of Preliminary Approval, and that all other factual statements made in the objection are true; (d) the reasons for his or her Objection and the legal and factual basis for the Objection; (e) the actual written signature of the

9

Settlement Class Member making the objections; and (f) a statement indicating whether he or she intends to appear at the Fairness Hearing, either with or without counsel. Any Settlement Class Member who fails to strictly comply with the foregoing, or who fails to timely file with the Court and serve on Class Counsel and Defense Counsel a written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph, shall not be permitted to object to the approval of the Settlement at the Fairness Hearing, shall be deemed to have assented to the Settlement for all purposes, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

2.      In addition, any attorney hired or retained by, or who otherwise provided legal assistance to, a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Service Award and who intends to make an appearance at the Fairness Hearing to provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and to file with the Court a notice of intention to appear no later than the Opt-Out and Objection Date.

Papers submitted under Section C. of this Order must be filed electronically with the Court or filed by delivery to:

<div align="center">

Clerk
United States District Court for the
Northern District of Illinois
219 South Dearborn
Chicago, IL 60604

</div>

Such papers must also be served by mail on Class Counsel and Defense Counsel listed below:

<div align="center">

9

</div>

ON BEHALF OF CLASS COUNSEL:

Katrina Carroll
Kyle Shamberg
**CARLSON LYNCH LLP**
111 W. Washington Street
Suite 1240
Chicago, IL 60602

ON BEHALF OF THE OASIS ENTITIES:

Michelle Pector
Ezra Church
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103

3.     Objection and Opt-Out Deadline. Settlement Class Members who wish to either object

to the Settlement or opt out by submitting a request for exclusion must do so by the Opt-Out and

Objection Date of **[DATE]**.  Settlement Class Members may not both object and request exclusion. If

a Settlement Class Member submits both a request for exclusion and an objection, the request for

exclusion will control.

4.     Response to Objections. Any response by the Parties to timely, completed

objections must be filed with the Court and served no later than fourteen (14) days prior to the

Fairness Hearing. The Parties will have the same right to seek discovery from any objecting

Settlement Class Member as they would if the objector was a party in the Action, including the

right to take the objector's deposition.

**D.          Procedure for Requesting Exclusion from the Settlement Class**

1.     Any person falling within the definition of the Settlement Class may, upon his or

her request, be excluded from the Settlement Class. To submit a request for exclusion, a

Settlement Class Member must follow the direction in the Class Notice and send a compliant

request to the Settlement Administrator at the address designated in the Class Notice postmarked on or before the Opt-Out Deadline. The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion and must state the Settlement Class Member's full name, address, telephone number(s) on which he or she received a RVM sent by or on behalf of the Oasis Entities during the Class Period, and must provide telephone number at which he or she currently can be reached. A Settlement Class Member may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member in strict compliance with this provision, shall not be allowed.

2.       Except for those members of the Settlement Class who timely and properly file a request for exclusion (Opt-Out), all members of the Settlement Class will be deemed Settlement Class Members for all purposes under the Settlement Agreement, and upon the entry of the Final Approval Order and Judgment will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

3.       Any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

**E.**        **The Court Approves the Settlement Class Notice Program**

1.       <u>Settlement Administrator</u>. Pursuant to the Settlement Agreement, Epiq Class Action & Claims Solutions, Inc. is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement

Agreement and this Order.

2. <u>Class Notices</u>. The Court approves, as to form and content, the proposed Class Notices, attached as Exhibit B to the Settlement. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Cameron R. Azari, Esq. on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law.

3. <u>Distribution of Class Notices</u>. The Court finds that the distribution of the Class Notices substantially in the manner and form set forth in the Declaration of Cameron R. Azari, Esq. on Settlement Notices and Notice Plan meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.

4. The Court directs the Settlement Administrator to establish a Settlement website, making available copies of this Order, Class Notices, the Settlement Agreement and all Exhibits thereto; instructions on how to submit Claims online, by email, or by mail; Orders of the Court pertaining to the Settlement; and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

5. The Settlement Administrator is ordered to cause the Class Settlement Notice to be disseminated to Settlement Class Members on or before **[DATE]**, which is twenty-eight (28) days from the date of this Order and shall constitute the "Notice Date" pursuant to the Settlement Agreement and for purposes of this Order.

6. The Settlement Administrator shall provide the Opt-Out List to Class Counsel and

Defense Counsel no later than seven (7) days after the Opt-Out and Objection Date.

      7.      The Settlement Administrator shall file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy, as well as proof of compliance with the Settlement Class Notice Program, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28, U.S.C. § 1715, no later than fourteen (14) days prior to the Fairness Hearing.

**F.**          **Miscellaneous Provisions**

      1.      <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Litigation unrelated to the approval of the Settlement are stayed.

      2.      <u>Preliminary Injunction</u>. Pending final determination of whether the Settlement should be approved, all Settlement Class Members are preliminarily enjoined unless and until they have timely and properly excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, continuing intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; (ii) filing, commencing, continuing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding

based on, relating to or arising out of the claims and causes of action or the facts and

circumstances giving rise to the Action and/or the Released Claims. Any Person who knowingly

violates such injunction shall pay the attorneys' fees and costs incurred by the Oasis Entities,

any other Released Person and Class Counsel as a result of the violation. This provision does not

prevent members of the Settlement Class from participating in any action or investigation

initiated by a state or federal agency.

3.      Termination of Settlement. This Order shall become null and void and shall be

without prejudice to the rights of the Parties, all of whom shall be restored to their respective

positions existing immediately before this Court entered this Order, if the Settlement is

terminated in accordance with the Settlement Agreement.

4.      Use of Order. This Order shall not be used by any Party or any proceedings taken

pursuant thereto are not and should not in any event be offered or received as evidence of, a

presumption, concession or an admission of liability or of any misrepresentation or omission in

any statement or written document approved or made by the Oasis Entities or any Released

Persons or of the suitability of these or similar claims to class treatment in active litigation and

trial; provided, however, that reference may be made to the Settlement Agreement and the

Settlement provided for therein in such proceedings solely as may be necessary to effectuate the

Settlement Agreement.

5.      Reasonable Procedures to Effectuate the Settlement. Counsel are hereby

authorized to use all reasonable procedures in connection with approval and administration of the

Settlement that are not materially inconsistent with this Order or the Settlement Agreement,

including making, without further approval of the Court, changes to the form or content of the

Notice and Claim Forms and other exhibits that they jointly agree are reasonable and necessary.

The Court reserves the right to approve the Settlement Agreement with such modifications, if

any, as may be agreed to by the Parties without further notice to the Settlement Class Members.

      6.     The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

      7.     <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **[DATE]** | Placeholder date for Order granting preliminary approval (provided for the Court's ease in calculating dates) |
| **[DATE]** [10 days after filing of motion for preliminary approval] | Deadline to serve Class Action Fairness Act notice required by 28 U.S.C. § 1715 |
| **[DATE]** [28 days from the date of the Order granting preliminary approval] | Notice Date |
| **[DATE]** [14 days before the Opt-Out and Objection Date] | Deadline to file Motion for Attorneys' Fees and Service Award |
| **[DATE]** [60 days after the Notice Date] | Opt-Out and Objection Date |
| **[DATE]** [7 days after the Opt-Out and Objection Date] | Deadline for Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel |
| **[DATE]** [120 days after the Notice Date] | Claims Deadline |
| **[DATE]** [14 days before the Fairness Hearing] | Deadline for Parties Motion and Memorandum in Support of Final Approval, including responses to any Objections |
| **[DATE]** [7 days before the Fairness Hearing] | Deadline for Settlement Administrator to file Opt-Out List and proof of CAFA Notice and Class Notice |
| **[DATE]** | Fairness Hearing |

**IT IS SO ORDERED.**

Dated: _____      _____
                                  Hon. Harry D. Leinenweber
                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENNETH ALBRECHT,<br>individually and on behalf of all<br>others similarly situated,<br><br>    Plaintiff<br><br>vs.<br><br>OASIS POWER, LLC d/b/a OASIS<br>ENERGY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CASE NO. 1:18-cv-1061**

Honorable Harry D. Leinenweber

**[PROPOSED] FINAL JUDGMENT ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, INCENTIVE AWARD AND ATTORNEYS' FEES AND EXPENSES**

On _____, 201__, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement between Plaintiff Kenneth Albrecht, on behalf of himself and all members of the Settlement Class, and Defendant Oasis Power, LLC d/b/a/ Oasis Energy ("Oasis") and the following related entities: Spark Energy, LLC; Spark Energy Gas, LLC; CenStar Energy Corp.; Electricity Maine, LLC; Electricity N.H., LLC; Provider Power Mass, LLC; Major Energy Services, LLC; Major Energy Electricity Services LLC; Respond Power LLC; Perigee Energy, LLC; Verde Energy USA, Inc.; Verde Energy USA Commodities, LLC; Verde Energy USA Connecticut, LLC; Verde Energy USA DC, LLC; Verde Energy USA Illinois, LLC; Verde Energy USA Maryland, LLC; Verde Energy USA Massachusetts, LLC; Verde Energy USA New Jersey, LLC; Verde Energy USA New York, LLC; Verde Energy USA Ohio, LLC; Verde Energy USA Pennsylvania, LLC; Verde Energy USA Texas Holdings, LLC; Verde Energy USA Trading, LLC; and Verde Energy Solutions, LLC (together with Oasis, the

1

"Oasis Entities") (collectively, the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on _____.

On _____, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the operative Complaint on the merits and with prejudice in favor of the Oasis Entities and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**I.      JURISDICTION OF THE COURT**

1.      The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2.      The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class.

Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II. CERTIFICATION OF SETTLEMENT CLASS

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement:

> All individuals within the United States (i) who were sent a prerecorded message, also referred to a ringless voicemail (ii) on his or her telephone (iii) by or on behalf of the Oasis Entities advertising the Oasis Entities' goods and services during the Class Period (February 12, 2014 through the date of Preliminary Approval).

Excluded from the Settlement Class are the Oasis Entities and their affiliates, employees, officers, directors, agents, representatives and their immediate family members; class counsel and the judge and magistrate judge who have presided over the Action and their immediate family members and

all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with the Settlement Agreement.

## III.   APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5.     The Court finally appoints Katrina Carroll of Carlson Lynch LLP, Scott Edelsberg of Edelsberg Law PA, Andrew Shamis of Shamis & Gentile PA and Manuel S. Hiraldo of Hiraldo P.A. as Class Counsel for the Settlement Class.

6.     The Court finally designates Plaintiff Kenneth Albrecht as the Class Representative.

## IV.   NOTICE AND CLAIMS PROCESS

7.     The Court makes the following findings on notice to the Settlement Class:

(a)     The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)     The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods;

4

(ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

    (c)  The Court further finds that the Parties, through the Class Action Settlement Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite 90-day period to comment or object to the Settlement before entering its Final Order. No comments or objections were filed by any state or federal government official.

## V.  FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

    8.  The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI.  ADMINISTRATION OF THE SETTLEMENT, ATTONEYS' FEES AND INCENTIVE AWARD

    9.  The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to make settlement payments to those Settlement Class Members who submit valid, timely, and complete Claims.

    10.  The Court hereby approves Class Counsel's request for attorney fees, costs, and expenses, and awards Class Counsel _____% of the Settlement Fund as reasonable attorneys' fees and costs, inclusive of the award of reasonable costs incurred in this Action. The Court finds that the requested fees are reasonable under the percentage of the fund for the reasons set forth herein.

The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11.     The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of the Oasis Entities' possible legal defenses and their experienced and capable counsel; (3) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and ____ Settlement Class Member(s) objected.

12.     In awarding fees, the Court's goal is to "recreate the market" and approximate the fees that Class Counsel and Settlement Class Members would have agreed to *ex ante*, if such a negotiation were feasible. Considering that consumer litigation is litigated almost exclusively on a contingency basis, and that *ex ante* market rates for contingency-fee lawyers range between 30% to 40% of the plaintiffs' ultimate recovery, the Court finds Plaintiffs' Co-Lead Counsel's requested

6

fee award to be appropriate and within the range of *ex ante* fees that could reasonably have been agreed upon.

13.     The Court awards a Service Award in the amount of $7,500.00 to Plaintiff Maxwell Goldschmidt payable pursuant to the terms of the Settlement Agreement.

## VII.    RELEASE OF CLAIMS

14.     Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged the Oasis Entities and the Released Parties from the Released Claims as set forth in the Settlement Agreement

15.     Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

16.     The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

7

17. The Releases, which are set forth in the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements of the Settlement Agreement.

(b) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release

8

of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18.     Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, continuing, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII.  NO ADMISSION OF LIABILITY

19.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a)     offered by any person or received against the Oasis Entities or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by the Oasis Entities of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by the Oasis Entities or any Released Party;

(b) offered by any person or received against the Oasis Entities or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by the Oasis Entities or any Released Party; or

(c) offered by any person or received against the Oasis Entities or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX. OTHER PROVISIONS

20. This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22. In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

10

23.     This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

24.     This Final Order and Judgment is a final and appealable decision.


**IT IS SO ORDERED**.


                                    _____
                                    HON. HARRY D. LEINENWEBER
                                    UNITED STATES DISTRICT JUDGE

11